LAW OFFICE OF SANDRA D. PARKER
444 Madison Avenue, Suite 1710
New York, NY 10022
(212) 317-2883
Sandra D. Parker
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
WICKENSON DEMAITRE,

                              Plaintiff,                  FIRST AMENDED
                                                COMPLAINT AND
                                                JURY DEMAND
                -against-

                                                     18 CV 12403 (PGG)

CITY OF NEW YORK, RICHARD ASKIN,
Individually and as Special Investigator,
JOHN DOES and JANE DOE, 1 through 20,

                              Defendants.
----------------------------------------------------------------x

      Plaintiff Wickenson Demaitre, by and through his attorney, as for his First Amended Complaint (Complaint) against the Defendants, respectfully alleges as follows:

### JURISDICTION AND VENUE

      1.     Plaintiff Wickenson Demaitre brings this action for monetary damages against the Defendants, to redress the deprivation under color of state law of the rights, privileges and immunities secured to Plaintiff by the United States Constitution, pursuant to 42 U.S.C. sec. 1983 and 42 U.S.C. sec. 1985.

      2.     Jurisdiction over the subject matter of this Complaint is conferred on this Court pursuant to 28 U.S.C. sec. 1331, and 28 U.S.C. sec. 1343.

3. The venue of this action is properly placed in the Southern District of New York, pursuant to 28 U.S.C. sec. 1391(b).

## PARTIES

4 Plaintiff is an African-American citizen of the United States, and a former employee of the Defendant City of New York.

5. Defendant City of New York is a municipal corporation organized and existing pursuant to the laws of the State of New York.

6. Defendant City of New York established and operates the New York City Department of Corrections (DOC). The DOC is a branch or agency of the City of New York.

7. The DOC is responsible for the custody, and care of individuals imprisoned in New York City.

8. The New York City Department of Investigation (DOI) is a branch or agency of the City of New York. The DOI investigates and refers for criminal prosecution, cases of misconduct and unethical behavior of employees working for the City of New York.

9. Defendant City of New York is responsible for the hiring, training, supervision, promotion and discipline of DOC and DOI employees.

10. At all times relevant herein Defendants John Doe and Jane Doe 1 through 20 were employees and supervisors employed with the DOC and/or the DOI. Plaintiff

does not know the real names of all of the Defendants John Doe and Jane Doe 1 through 20, except for Richard Askin (Askin).

11.     Upon information and belief, at all relevant times herein Askin was a Special Investigator employed with DOI, acting under color of state law, and in the scope of his employment in engaging in the conduct alleged in this Complaint.

12.     At all times relevant herein, Defendants John Doe and Jane Doe 1 through 20 acted as agents, servants and employees of Defendant City of New York, the DOC and/of the DOI.

13.     At all times relevant herein, Defendants John Doe and Jane Doe 1 through 20 acted under color of state law, and in the scope of their employment in engaging in the conduct alleged in this Complaint.

14.     Plaintiff sues the Defendants John Doe and Jane Doe 1 through 20 in their official and individual capacities.

15.     Plaintiff sues Defendant Askin in his official and individual capacities.

## FACTS

16.     Plaintiff began employment with Defendant City of New York, in or about November 2000, as a correction officer working with DOC.

17.     During his tenure with DOC Plaintiff was assigned to work at Rikers Island.

18.      At all times relevant herein Rikers Island was and continues to be a jail

complex that is operated by the DOC.

19. DOC's operation of Rikers Island has been and continues to be the subject of scrutiny, criticism and civil lawsuits for its alleged neglect and abuse of inmates housed at that facility.

20. Instead of addressing its deficient operation of Rikers Island, Defendants City of New York, Askin, John Doe and Jane Doe 1 through 20 (collectively Defendants) conspired among themselves and with others to avoid their responsibility.

21. Defendant City of New York has a custom, policy, pattern and practice of singling out non-Caucasian correction officers for blame, to cover up and/or deflect criticisms of Defendants' shortcomings in the operation of Rikers Island, by subjecting them to punitive penalties of employment termination, arrest and criminal prosecution.

22. Pursuant to the above policy and custom, Defendants have arrested and prosecuted non-Caucasian correction officers based on fabricated and/or coerced statements and testimony.

23. Defendants did not subject Caucasian correction officers to the foregoing treatment.

24. Defendants engaged and continue to engage in the above conduct and other discriminatory behavior directed against non-Caucasian officers because of racial animus.

25. Upon information and belief, the policymakers of Defendant City of New York were aware of the foregoing unconstitutional conduct, but showed a deliberate

indifference to said conduct.

26. Upon information and belief, Defendant City of New York and its policymakers, instituted, fostered and condone the foregoing policy and custom and/or failed to train or supervise investigators and other employees of DOC and/or DOI to ensure they adhered to constitutional requirements related to obtaining probable cause for arrests and prosecution.

27. Upon information and belief, Defendant City of New York failed to adequately screen, supervise and/or discipline its employees charged with investigating, and prosecuting criminal charges against its employees, including Askin.

28. Upon information and belief, in or about 2012 the DOC'S operation at Rikers Island was the subject of an investigation by the United States Department of Justice for its alleged abuse and neglect of inmates housed in the complex.

29. Upon information and belief, following conclusion of that investigation, the United States Department of Justice instituted a lawsuit against Defendant City of New York, in connections with its findings of abuse and neglect of inmates housed in Rikers' Island.

30. Pursuant to its custom, policy and practice of deflecting criticism, avoiding responsibilities for its failings at Rikers Island, and in particular beginning in or after 2012, Defendants singled out non-Caucasian correction officers for blame, arrest and criminal prosecution, in response to the foregoing investigation and lawsuit by the

Department of Justice, and conspired among themselves and with others to falsely arrest and maliciously prosecute non-Caucasian corrections officers working with DOI, including Plaintiff.

31. In addition to Plaintiff, Defendant City of New York arrested and instituted criminal proceedings against non-Caucasian corrections officers such Ronald Donnelly and Mark Anglin, for allegedly making false statements regarding an incident at Rikers Island.

32. Defendant City of New York also had engaged in a racially based discriminatory practice and policy directed the African-American employees hired to try to address the mismanagement at Rikers Island, with said practices being the subject of the lawsuit entitled *Daniels v. City of New York*, 17 CV 09960 (LGS), pending in the United States District Court for the Southern District of New York.

33. Upon information and belief, Defendants have not subjected Caucasian correction officers who allegedly filed false statements to arrest and criminal prosecution.

34 Upon information and belief, in 2014 there existed a contract between Defendant City of New York and Corizon Health Care Services (Corizon) to provide health care services to the inmates housed at the Rikers Island jail complex.

35. Upon information and belief, Corizon is a private corporation which provides health care services to correctional facilities throughout the United States, including in New York City.

36. On or about October 1, 2014 Plaintiff was assigned to work at Rikers Island, and specifically at the Anna M. Kross Center of Rikers Island (Kross Center).

37. On or about October 1, 2014 during his tour of duty an inmate at Rikers Island became ill.

38. Plaintiff reported the illness in accordance with applicable DOC protocol.

39. Thereafter, medical personnel upon information and belief, employed by Corizon arrived at the facility and administered care to the inmate.

40. The inmate later died.

41. Upon information and belief, the inmate died of an untreated ulcer.

42. Upon information and belief DOC and DOI conducted an alleged investigation of the incident.

43. Upon information belief, Defendant Askin participated in and conducted said investigation which resulted in him issuing a report and working with Defendants to lodge criminal charges and prosecute criminal proceedings against Plaintiff.

44. Upon information and belief, Defendant Askin provided materially false information that was used to indict and thereafter prosecute Plaintiff.

45. In or about 2015 following an investigation by the DOI, it issued a report concluding that Corizon provided substandard care to inmates housed in its correctional facilities and neglected the care of inmates.

46. Instead of insuring the provision adequate health care for the Rikers Island

inmates, Defendants pursuant to its pattern, policy and custom, conspired among themselves and with others to use non-Caucasian correction officers such as Plaintiff, as scapegoats for their failings and inadequacies.

47. Defendants engaged in said conduct because of their racial animus directed against non-Caucasian correction officers.

48. Defendants unjustly singled out Plaintiff and Geraldine Williams (Williams) an African-American correction officer working at the Kross Center during the October 1, 2014 incident for blame and punishment.

49. Defendants singled out Plaintiff and Williams because of their discriminatory animus directed against them on account of their race, and in accordance with their policy and practice of using said non-Caucasian officers to deflect from their mismanagement of Rikers Island.

50. In or about 2015, Defendants suspended Plaintiff from his employment with DOC, and thereafter terminated his employment, in connection with the 2014 death of the inmate housed at the Kross Center.

51. Defendants accused Plaintiff of failing to accurately report his response to the incident of the sick inmate at the Kross Center, and specifically of filing an allegedly false report.

52. Upon information and belief, Defendants made the foregoing assertion and thereafter securing an indictment against Plaintiff and maliciously prosecuted Plaintiff,

based on the false information contained in Defendant Askin's report.

53. Upon information and belief, Defendants made the foregoing assertion and thereafter falsely arrested and maliciously prosecuted Plaintiff, based on false information it obtained and/or coerced from correction officer Williams.

54. Upon information and belief, at the time Defendants obtained and/or coerced said false information and testimony from Williams, she was mentally impaired and upon information and belief continues to be mentally impaired.

55. Upon information and belief, at the time Defendants obtained and/or coerced said false information and testimony from Williams, Defendants knew that she was mentally impaired.

56. Defendants then caused Plaintiff to be indicted and then instituted and prosecuted criminal charges against Plaintiff.

57. Defendants caused a criminal indictment to issue against Plaintiff from the New York State Supreme Court charging him with eight counts of violation of the Penal Law.

58. Defendants charged Plaintiff with two counts of first degree violation of Penal Law sec. 175.35(1) in that he allegedly offered a false instrument for filing, two counts of second degree violation of Penal Law sec. 175.30 in that he allegedly offered a false instrument for filing, two counts of second degree violation of Penal Law sec. 175.05(10) in that he allegedly falsified business records, and two counts of violation of

Penal Law sec. 195. 00(1) in that he allegedly engaged in official misconduct.

59. Defendants required Plaintiff to a post a bond to prevent his physical incarceration.

60. After undergoing direct examination by the attorney assigned to represent the Defendant City of New York in the criminal proceeding brought against Plaintiff, upon and belief, Williams checked herself into a psychiatric facility.

61. Upon information and belief, Williams continues to receive treatment at said psychiatric facility.

62. On or about May 16, 2017 the judge presiding at the criminal proceedings s Defendant City of New York was prosecuting against Plaintiff, dismissed all charges against him.

63. The prosecution of the criminal charges lodged against Plaintiff was terminated in his favor and pursuant to section 160.60 of New York Criminal Procedure law Plaintiffs' arrest and prosecution was deemed a nullity.

## COUNT I

64. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 63 of this Complaint, with the same force and effect as if set forth herein.

65. Defendants while acting individually, jointly, and in conspiracy, as well as under color of law and within the scope of their employment, caused an indictment and

arrest warrant to issue against Plaintiff and to prosecute criminal proceedings against him.

66. Defendants while acting individually, jointly, and in conspiracy, as well as under color of law and within the scope of their employment, caused an indictment and arrest warrant to issue against Plaintiff and to prosecute criminal proceedings against him, with the intent to deprive Plaintiff of his constitutionally protected rights and to inflict harm on Plaintiff without excuse of justification.

67. Defendants engaged in the above conduct of prosecuting the criminal proceedings against Plaintiff in order to falsely place blame on Plaintiff for the inmate's death at Rikers Island.

68. As a result of Defendants' conduct and violation of Plaintiff's constitutional rights, Plaintiff suffered injuries including but not limited to emotional distress, loss of enjoyment of life and humiliation.

69. Defendants' conduct was undertaken with malice.

70. As a proximate result of the Defendants' conduct, Plaintiff suffered injuries and damages thereby, in violation of 42 U.S.C. sec. 1983.

71. As a proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer substantial losses, including loss of income, impairment and damage to his good name and reputation.

72. As a proximate result of Defendants' actions, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, emotional

distress and other incidental and consequential damages and expenses.

## COUNT II

73. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 63 and 65 through 72 of this Complaint, with the same force and effect as if set forth herein.

74. Defendants acting deliberately and with malice, initiated and prosecuted criminal proceedings against Plaintiff, without probable cause or other legal justification, by upon information and belief, fabricating and/or coercing testimony, in reckless disregard for Plaintiff's constitutional rights.

75. The criminal proceedings terminated in dismissal of all charges against Plaintiff, and favor of the Plaintiff..

76. Defendants' conduct was undertaken pursuant to the policy, custom and practice of the Defendant City of New York, as described more fully above.

77. As a proximate result of the Defendants' conduct, Plaintiff was subject to malicious prosecution, and suffered damages thereby, all in violation of 42 U.S.C. sec. 1983.

78. As a proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer substantial losses, including loss of income, impairment and damage to his good name and reputation.

79   As a proximate result of Defendants' actions, Plaintiff has suffered and

continues to suffer severe and lasting embarrassment, humiliation and anguish, emotional distress and other incidental and consequential damages and expenses.

## COUNT III

80. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 59, 61 through 68 and 74 through 79 of this Complaint, with the same force and effect as if set forth herein.

81. Each of the Defendants conspired, directly or indirectly, for the purpose of depriving Plaintiff of Equal Protection of the law.

82. In so doing, Defendants took actions in furtherance of this conspiracy, causing injury to Plaintiff.

83. Defendants' conduct was undertaken with malice, willfulness, and with a reckless indifference to Plaintiff's civil rights, in violation of 42 U.S.C. sec. 1985.

84. Defendants' conduct was undertaken pursuant to the policy and practice of Defendant City of New York, as described above.

85. As a proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer substantial losses, including loss of income, impairment and damage to his good name and reputation.

86. As a proximate result of Defendants' actions, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, emotional distress and other incidental and consequential damages and expenses.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and against the Defendants, awarding him compensatory damages, costs, and attorneys' fees, along with punitive damages against each of the Defendants, and against the individual Defendants in their individual capacities, and such other and further relief, as the Court deems just and proper.

Pursuant to Fed. R. Civ. Proc. 38, Plaintiff demands a trial by jury of all issues of fact in this action.

Dated:  New York, New York
        May 6, 2019

                                          LAW OFFICE OF SANDRA D. PARKER

                                          By: /s/ Sandra D. Parker
                                              Sandra D. Parker
                                              444 Madison Avenue, Suite 1710
                                              New York, NY 10022
                                              (212) 317-2883
                                              Attorney for Plaintiff